FILED
Apr 17, 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT GINO CHAVEZ,

               Petitioner,

    vs.

SULLIVAN,

               Respondent.

No. 2:18-cv-00952-JKS

ORDER
[Re: Motion at Docket No. 33]

       This Court denied Vincent Gino Chavez, a state prisoner proceeding *pro se*, habeas relief on February 15, 2019. Docket Nos. 49, 50. The Court granted a certificate of appealability ("COA") in part. *Id.* At Docket No. 25, Chavez submitted a letter requesting an extension of time to file a notice of appeal, which this Court construed as a timely-filed notice of appeal, Docket No. 26. Because the Court granted a partial COA, Chavez's filing commenced his appeal, and the Court transferred his case to the Ninth Circuit Court of Appeals. Docket No. 26-29.

       At Docket No. 33, Chavez now moves for reconsideration of this Court's order and also requests an evidentiary hearing in this Court. As a general rule, the filing of a notice of appeal transfers to the appellate court jurisdiction over the matters appealed, and the district court is divested of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1998). Accordingly, a district court is without jurisdiction to entertain a motion for reconsideration filed after a notice of appeal. *United States v. Vroman*, 997 F.2d 627, 627 (9th Cir. 1993) (per curiam).

In this case, however, the Court, of its own accord, construed Chavez's request for an extension of time to file a notice of appeal as the notice of appeal itself. Although Chavez later-filed his motion for reconsideration, it is not clear that he intended to file a motion for reconsideration after a properly-filed notice of appeal.

In any event, even if Chavez's motion for reconsideration could be considered by this Court because of the unusual procedural posture noted ab ove, Chavez would not be entitled to relief on it. Because it was filed later than 28 days of entry of judgment, Chavez's Reconsideration Motion is treated as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(c). *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."). Rule 60(b) provides:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Chavez has not made an adequate showing under any of the six basic grounds for reconsideration referenced above; rather, he simply repeats arguments raised in his Petition and Traverse. Chavez has failed to provide any basis upon which this Court could reconsider its

decision or order an evidentiary hearing on the denied Petition. Chavez's avenue for requested relief is properly before the Ninth Circuit Court of Appeals.

**IT IS THEREFORE ORDERED THAT** the Motion for Reconsideration at Docket No. 33 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability with respect to its denial of the Motion for Reconsideration. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); Ninth Circuit R. 22-1.

Dated: April 17, 2019.

                                                  /s/James K. Singleton, Jr.
                                                  JAMES K. SINGLETON, JR.
                                                  Senior United States District Judge